SUCESIÓN JOSÉ ARRARÁS NOAÍN, DEMANDANTES Y APELANTES, v. FIGUEROA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre posesión de propiedad.

No. 2297.—Resuelto en julio 23, 1921.

REIVINDICACIÓN — CAUSA DE ACCIÓN — DEMANDA SUFICIENTE — PRESCRIPCIÓN. — Aduce hechos suficientes para constituir causa de acción una demanda en que

los demandantes alegan que su causante adquirió cierta finca a título de adjudicación; que ellos la adquirieron a título de herencia; que no han enajenado ni arrendado sus derechos y que poseyeron el inmueble que reclaman con frutos producidos, hasta que contra su voluntad fueron privados del mismo por los demandados, siendo tal acción la reivindicatoria que nace del derecho de dominio y no la que tiene todo mero poseedor de acuerdo con el artículo 448 del Código Civil en relación con la Ley No. 43 de 1913, cuyo término de prescripción es de un año.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Montalvo.*

Abogado de los apelados: *Sr. A. A. Vázquez.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La Sucesión de José Arrarás Noaín compuesta de su viuda e hijos demandaron en 5 de agosto de 1919 ante la Corte de Distrito de Mayagüez a Francisca Rosado y a otros alegando sustancialmente lo siguiente: que los demandantes son los únicos herederos testamentarios de José Arrarás Noaín, fallecido el 21 de julio de 1916; que entre los bienes dejados por el finado se encuentra una finca rústica radicada en el barrio de "Playa," lugar nombrado "La Puente," del municipio de Añasco, la cual describen; que su causante adquirió dicha finca por escritura de división y adjudicación de los bienes de la sociedad mercantil "Diez & Arrarás," otorgada el 12 de julio de 1905; que por razón y efecto del título de herencia testada que invocan, los demandantes son los únicos dueños, en comunidad *proindivisa,* de dicha propiedad y estuvieron en posesión real y disfrute material de la misma desde el día 21 de julio de 1916; que en los días 13, 18 y 19 de mayo de 1917, Francisca Rosado, valiéndose de los servicios de sus sobrinos, los otros demandados, se apoderó de dicha finca y siguió poseyéndola y disfrutándola materialmente, contra la voluntad expresa y derechos de propiedad de los demandantes; que en fecha posterior al primero de octubre de 1918 los otros demandados se asociaron a Francisca Rosado en la posesión y disfrute material de dicha finca y desde entonces todos la poseen y disfrutan con-

tra la voluntad expresa y derechos de propiedad de los demandantes; que el 21 de mayo de 1917 los demandantes establecieron ante la misma corte de .distrito una acción civil de *injunction* para recobrar la posesión material de dicha finca que terminó el 6 de septiembre de 1918 sin haber obtenido los demandantes el *injunction* solicitado; que como consecuencia de los anteriores hechos los demandantes se encuentran privados de la posesión material y disfrute de la finca y los demandados se niegan a devolverles la posesión y disfrute de ella, a pesar de habérsela reclamado amistosa y judicialmente; que ninguno de los demandantes ha cedido, vendido ni arrendado su interés en la mencionada finca a persona alguna; que hasta el 13 de mayo de 1917 ninguno de los demandados había poseído ni disfrutado la finca ni parte de ella, la que tiene un valor de seiscientos dólares.

Como segunda causa de acción dieron por reproducidos los hechos antes expuestos y alegaron, además, que Francisca Rosado percibió todos los productos de la finca desde el 13 de mayo de 1917 al 1º. de octubre de 1918 y que desde esta fecha los han percibido todos los demandados pudiendo justipreciarse los producidos desde el 13 de mayo de 1917 hasta la fecha de la demanda en seiscientos dólares.

Con tales alegaciones pidieron a la corte que declarase con lugar la demanda declarando que los demandados están poseyendo la finca indebidamente y contra la voluntad y derechos de los demandantes y que éstos son las únicas personas con derecho a poseerla y disfrutarla; que decrete que los demandados salgan de la finca y dejen la posesión material y disfrute de la misma a la libre disposición de los demandantes; que condene a los demandados, mancomunada y solidariamente, a pagar a los demandantes los seiscientos dólares que importan los frutos que han percibido de ella, con los demás pronunciamientos del caso, e imponga a los demandados el pago de las costas, gastos, desembolsos y honorarios de abogado.

Hemos reproducido casi íntegramente esa demanda porque sobre ella versa esta apelación establecida por los demandantes, pues habiendo alegado los demandados como excepción previa que la primera causa de acción está prescrita de acuerdo con la Ley No. 43 de 13 de marzo de 1913 en relación con el artículo 1869 del Código Civil por haber sido interpuesta la demanda el 5 de agosto de 1919 y que los hechos que expone no determinan causa de acción por haber sido juzgados en favor de Francisca Rosado; y en cuanto a la segunda causa de acción que tampoco aduce hechos determinantes de causa de acción y que la reclamación de los frutos desde el 13 de marzo de 1917 al 4 de agosto de 1918 está prescrita de acuerdo con el artículo 1869 del Código Civil, la corte declaró por su sentencia de 28 de mayo de 1920 que la primera y segunda causa de acción están prescritas, y además, que no aducen hechos suficientes para determinar una causa de acción por lo que desestimó la demanda en todas sus partes con las costas a los demandantes.

Por los fundamentos de la excepción previa alegada contra la demanda, por la sentencia de la corte y principalmente por los alegatos que nos han presentado las partes en esta apelación llegamos a la conclusión de que este pleito ha sido considerado por todos los que han intervenido en este asunto como que ejercita la acción reconocida en el artículo 448 del Código Civil a todo poseedor para ser amparado o restituído en su posesión, cuyo ejercicio está regulado en la Ley No. 43 de 1913 enmendada por la No. 11 de noviembre de 1917, y cuyo término de prescripción es el de un año según la última ley en concordancia con el artículo 1868, No. 1°. y 462 del Código Civil, siendo así que los términos en que está redactada la demanda muestran que no se ejercita tal acción sino que se reclama la posesión material de la finca como consecuencia del dominio y no de la mera posesión.

En efecto los demandantes alegan que su causante adquirió la finca por título de adjudicación en la división de los

bienes de la sociedad "Diez & Arrarás"; que hoy les per-. tenece por herencia testada de su causante; que no han ce- dido, vendido ni arrendado sus derechos a persona alguna y que tuvieron su posesión material hasta que contra su vo- luntad les privaron de ella los demandados. Si todo esto es cierto, como tiene que considerarse para resolver la excep- ción previa, resulta claro que los demandantes son los due- ños de. la finca y que alegan su derecho de propiedad como causa para obtener su posesión material tenida ahora por los demandados, sin título alguno según la demanda, pues si húbieran querido ampararse en las leyes citadas de 1913 y 1917 les hubiera bastado alegar la mera posesión o tenencia de la finca. La propiedad lleva consigo según el artículo 354 del Código Civil el derecho de gozar y disponer de la cosa sin más limitaciones que las establecidas en las leyes y da acción contra el tenedor y el poseedor para reivindicarla, por lo que siendo los demandantes los dueños pueden reclamar de los demandados que le entreguen la posesión material de la finca. Así, pues, la demanda en su primera causa de acción aduce hechos determinantes de la acción ejercitada.

En consecuencia de lo expuesto el transcurso de más de un año desde que los demandantes fueron privados de la po- sesión material de la finca hasta que presentaron su demanda, alegado por los demandados como prescripción de la acción para recobrar la posesión, no tiene aplicación a este caso en que la acción para recobrar la posesión material no se funda en la mera tenencia sino en el título de dueños.

En cuanto a la segunda causa de. acción entendemos que también es suficiente porque según el artículo 361 del Código Civil pertenecen al propietario los frutos materiales, los in- dustriales y los civiles y porque se alega su cuantía, sin que su reclamación esté prescrita de acuerdo con el artículo 1869, como alegan los demandados, pues este artículo se refiere a la prescripción de un año de la acción para recobrar la po- sesión y ésta no es la acción ejercitada en este caso.

Por las razones expuestas la sentencia apelada debe ser revocada y concederse a los demandados un término de diez días para que contesten la demanda.

> *Revocada la sentencia apelada y concedidos a los demandados diez días para contestar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.